**SANDERS v. CHICAGO, R. I. & P. R. CO.**

**Civ. No. 4906.**

United States District Court,
W. D. Oklahoma.

May 23, 1951.

928

William A. Berry, Oklahoma City, Okl., for plaintiff.

Savage, Gibson & Benefield, Oklahoma City, Okl., for defendant.

WALLACE, District Judge.

## Statement of Case.

In this action the plaintiff seeks a restoration of seniority status under the provisions of the Selective Training and Service Act of 1940, § 8, as amended, 50 U.S.C.A.Appendix § 308.

## Findings of Fact.

### I.

Plaintiff, J. D. Sanders, is a resident of Oklahoma. Defendant, Chicago, Rock Island and Pacific Railroad Company, is a Delaware corporation.

### II.

Plaintiff was employed by the defendant on May 24, 1945, in El Reno, Oklahoma, as a locomotive fireman. His position at that time, and at all times material to this action, was other than temporary.

On June 19, 1945, he resigned his position for the purpose of enlisting in the United States Navy.

Because Sanders was seventeen years old at the time, parental consent was a prerequisite to enlistment. When he was apprised of this requirement by naval personnel in the recruiting station in Oklahoma City, he went to the home of his father in Stonewall, Oklahoma, to secure the necessary consent; but he was not able to get his father's consent.

Plaintiff then returned to El Reno and was re-employed by the defendant on June 30, 1945, in the same position he held on June 19, 1945.

### III.

Plaintiff was inducted into the military service on April 16, 1946, and was honorably discharged June 5, 1947.

### IV.

With the exception of the time spent in the military service and involuntary "layoff" periods, the plaintiff has been employed continuously by defendant from June 30, 1945, until this date.

### V.

The seniority list of firemen employed by defendant on July 1, 1945, gave plaintiff a seniority date of May 24, 1945; however, a subsequent listing published on January 1, 1946, changed his seniority date to June 30, 1945.

Since the revised seniority listings were published, Sanders has been diligent in his efforts to have defendant restore his seniority date of May 24, 1945. He has protested to the responsible railroad and union officials but to this date, defendant and the Brotherhood of Locomotive Firemen and Enginemen, of which plaintiff is a member, have refused to revise the seniority listings as published on January 1, 1946.

## Conclusions of Law.

### I.

The court has jurisdiction over the parties and subject matter of this action.

### II.

The plaintiff's right to relief is governed by the provisions of Title 50 U.S.C.A. Appendix, § 308, as amended. The material provisions of this section read as follows:

"(b) In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate (honorable discharge), (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within ninety days after he is relieved from such training and service * * *.

*   *   *   *   *   *

"(B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so;

*   *   *   *   *   *

"(c) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) shall be considered as having been on furlough or leave of absence during his period of active military service, shall be so restored without loss of seniority * * *".

### III.

■ The pivotal issue in the instant case is whether a person must actually have been inducted into the military service to be entitled to the benefits of the Act.

The court is of the opinion that even under the most favorable or liberal construction of the Act, a person must be a veteran to be within its purview. The above quoted provisions of section 308 specifically require a person to have "such certificate"—meaning an honorable dis-charge. And subsection (c) speaks of the restoration to the same or similar position without loss of seniority of a person who "shall be considered as having been on furlough or leave of absence during his period of *active military service*". (Italics ours.)

■ While legislation regarding servicemen should be read in a light favorable to them, a court is never justified in ignoring clear and unequivocal language or construing words in a manner that does violence to their ordinary and usual meaning.

■ Therefore, since plaintiff was not a veteran on June 30, 1945, the date he returned to work, he is not entitled to invoke the remedial provisions of the Act.

### IV.

It is true that plaintiff subsequently was inducted and did serve in the armed forces but such services cannot operate to alleviate a situation created before the commencement of his military service.

The Act provides that an employer must reinstate the veteran to the status, as to position, seniority, pay and other benefits, he had *at the time he was inducted* plus any additional increases, emoluments and benefits accruing naturally to his position during active military service.

Defendant could have fired Sanders, lowered his pay or made any other change in his status prior to his induction in 1946 because, until that date, defendant and plaintiff had the ordinary employee and employer relationship, over which the court has no supervising authority.

### V.

The court is sympathetic to the plight of this young boy who attempted to serve his country and failed through no fault of his own. Some way should have been provided for by Congress to protect the individual in this and like circumstances. The defendant and the union in good conscience should rectify the situation and voluntarily restore to the plaintiff his proper seniority status but the court can-

not ignore the language of the Act; so the relief sought by plaintiff must be denied.

### VI.

Counsel are directed to prepare a judgment in accordance with these findings of fact and conclusions of law, and submit it to this court within ten days from this date.